## STATE v. RUST.

In indictments for misdemeanors, it is generally sufficient to describe the offence in the words of the statute.

An indictment charging the illegal sale of *two glasses of intoxicating* liquor, is sufficiently definite and certain, under the statute prohibiting the unauthorized sale of spirituous and intoxicating liquors.

Whether a glass is understood to mean precisely half a gill, or the quantity usually contained in a drinking glass as a single draught, it is sufficiently definite and intelligible as a description of quantity, under a statute which makes the sale of any, (the slightest quantity) penal.

Where the same offence is described in different counts, it is not necessary to allege the offence described in each of the several counts to be other and different from that described in the others.

. THE INDICTMENT, in this case, contained two counts, each of which charged the selling of two glasses of *intoxicating liquor*, contrary to the provisions of " An act for the suppression of intemperance," passed July 14, 1855.

The respondent moved the court to quash the indictment, because the charge was not made with sufficient certainty, nor so

plainly and fully described as was required by the Constitution and laws of the State, and also because the two counts did not so describe the several offences that it could be ascertained to which they severally referred, and contained no means of ascertaining with certainty to what offence each count referred, and there was no allegation that the two glasses described in the second count were different from those described in the first. The indictment was to make part of the case. The counsel for the government stated to the court, that the two counts were merely different forms of describing the same offence, which was not denied.

*Z. Batchelder*, for the defendant.

1. The objection is not to the joinder of two counts, but that it does not appear as it should, that the two glasses mentioned in the second count were other and different from those named in the first.

2. That it is not alleged with sufficient certainty what quantity of liquor the defendant sold, as he is in effect charged with selling a certain quantity of liquor, or some liquor.

Stating that the defendant regrated a great quantity of goods, is bad — *Trespass quare clausum suum fregit, et suos pisces cepit*, without stating the number, the defect was held to be fatal after verdict. 11 East. 576. [*Hayter's Case*, 5 Coke 34.]

*Sullivan*, Attorney General, for the State.

1. Where two or more distinct offences are contained in different counts in the same indictment, it may be quashed, or the prosecutor compelled to elect on which he will proceed; but such election will not be required when several counts are introduced solely for the purpose of meeting the evidence as it may transpire, the charges being substantially for the same offence.

Whar. Cr. Law 150, 152, 2d ed., note I, and cases there cited; *State* v. *Canterbury*, 8 Foster 195; *State* v. *Nelson*, 8 N. H. 165; Roscoe on Cr. Ev. 231, marginal page, and cases there cited; *Young & al.* v. *The King*, 3 T. R. 98; *Rex* v.

State *v.* Rust.

*Towle,* 2 Marsh 466 ; *Com.* v. *Mason,* 2 Ashmead 31 ; *State* v. *Hogan,* Charlton Rep. 474 ; 5 Met. 532 ; 6 do. 236 ; 1 Chieves 103 ; 5 Pick. 56 ; 1 Chit. Cr. Law 253, 254 ; 12 Wend. 425 ; 9 do. 203.

2. See Webster's Dictionary " *Glass.* "

" A complaint for selling one glass of rum, being objected to because it expressed a quantity not known in law, was held good." *State* v. *Reed,* 35 Maine Rep. (5 Reddington) 489.

FOWLER, J. The motion to quash can not prevail, none of the reasons assigned for it being sufficient.

The first objection taken, that the charge is not made with sufficient certainty, nor so plainly and fully described as is required by the Constitution and laws of the State, so far as relates to the use of the general term " *intoxicating liquor,* " was considered and overruled in *State* v. *Blaisdell,* 33 N. H. 388. It was correctly said in that case, that, as a general rule, it is sufficient, in indictments for misdemeanors, to describe the offence in the words of the statute, [1 Archb. Cr. Plead. 88 ; Wharton's Cr. Law 184 ; *Com.* v. *Odlin,* 23 Pick. 275,] and that the practice of thus describing offences like the illegal sale of liquors, was too well settled, and had too long prevailed in this State, to be overthrown, unless shown to be clearly and palpably wrong ; and that it might well be doubted whether it would not be found impracticable effectually to enforce any law regulating or restraining the sale of spirituous and intoxicating liquors, if the government were bound to allege and prove the precise character of the article sold in violation of law.

Nor is there any good foundation for the objection to the use of the terms employed to denote the quantity of liquor alleged to have been illegally sold. A *glass* of intoxicating liquor, is a phrase as definite and as well understood as any other, and it is wholly immaterial to the defendant, under the law, whether the quantity indicated thereby shall be regarded as precisely half a gill, according to the usage in former times, where it was customary for innholders and other retailers to measure it in a me-

tallic cup, or as the quantity usually contained in a drinking glass, as a single draught, as is the more general acceptation of the word glass, at the present day. The penalty is imposed for selling any, the smallest quantity, and that penalty is as fully incurred by the sale of two draughts of intoxicating liquor as it would be by the sale of two gills, two pints, or two gallons. The indictment sufficiently describes the offence in language plain and intelligible to the common understanding, and seemed fully to meet the requirements of the Constitution.

The two counts in the indictment, differently describing the same offence, are not objectionable, and the court, under the well settled practice in this State, will not compel the prosecutor to elect upon which he will proceed; and much more will they not quash the indictment by reason of them. *State* v. *Canterbury and Boscawen,* 8 Foster 227, and authorities.

The several counts are so framed that we think it must have been sufficiently evident from their language and structure, that the same offence was intended to be described in each, even without the distinct admission of the counsel for the government, contained in the case. The objections taken to the informality and insufficiency of the counts, as not describing separate offences with the necessary particularity, must therefore fail.

And there is no defect in the second count, from the want of an allegation that the two glasses of liquor therein described were other and different from those mentioned in the first count. Although indictments for misdemeanors may contain several offences, provided the judgment on each will be the same, [2 D. & E. 96, 106; 3 East 46; 2 Burr. 984] yet, when only a single offence is described in different counts, it is manifestly unnecessary and improper to allege and charge the offence described in each count as distinct and different from that described in all the others.

For these reasons

*The motion to quash must be overruled.*